**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Sovine, | No. CV-18-08024-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. The Magistrate Judge to whom this case is assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied. (Doc. 12). Petitioner filed an objection to the R&R. (Doc. 13).

**I.  Review of R&R**

This Court "may accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court must review the Magistrate Judge's findings *de novo* only if a party objects to the Magistrate Judge's findings or recommendations. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). However, if no party objects to any fact or issue, the district court is not required to engage in "any review at all . . . ." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Accordingly, the Court will review the portions of the R&R to which Petitioner has objected *de novo*.

. . .

## II. Petition for Writ of Habeas Corpus

The Petition raises a single ground for relief, the claim that Petitioner's counsel was ineffective. As explained in the R&R, the test for determining whether counsel is ineffective requires both objective deficiency on the part of counsel and a showing that that deficient performance actually prejudiced the defense. (Doc. 12 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984))). The standard requires a showing "that counsel's errors were *so serious as to deprive the defendant of a fair trial . . .* whose result is reliable." *Id.* (emphasis added).

The R&R finds this claim without merit, based on the factual record of the case and the Superior Court's decision. Petitioner objects to these findings.

## III. Factual and Procedural Background

The R&R recounts the factual and procedural background of this case. (Doc. 12 at 1-2). Petitioner objects to certain factual claims, which the Court will address below.

### A. Petitioner's Factual Claims

Petitioner claims that there was no hearing as required by *State v. Donald*, 10 P.3d 1193 (Ariz. Ct. App. 2000), as referenced in the R&R at page 1. (Doc. 13). However, the R&R specifically cites to Doc. 7, Ex. B as evidence of said hearing. In the referenced document, the court transcript clearly identifies the hearing as a *Donald* hearing. (Doc. 7, Ex. B, page 3, line 5). Ultimately, the presence or absence of a *Donald* hearing in the record has no bearing on Petitioner's claim. To the extent that Petitioner claims that the lack of a *Donald* hearing affords him post-conviction relief, such a claim is based on state law and is not cognizable as a federal habeas claim. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Moreover, Petitioner had a *Donald* hearing; thus the Court finds that the Magistrate Judge did not err in describing the referenced hearing as a *Donald* hearing.

Petitioner claims that there was no plea negotiation. The record indicates that Petitioner confirmed to the state court that an offer was made to him at the Early Disposition Court, and that said offer was reviewed with counsel at that time. (Doc. 7, Ex. B at 9-10). The record further reflects that the plea offer was withdrawn because

Petitioner was uninterested in the plea. (Doc. 7, Ex. B at 3). While the record does not reflect any plea negotiation at the *Donald* hearing, it does reflect the fact that negotiations had previously occurred.

Petitioner further claims that the R&R was incorrect in its finding that Petitioner did not petition the Supreme Court for review. (Doc. 13). The Magistrate Judge relied on the information provided in Petitioner's initial filing, where the Petitioner did not indicate that he petitioned either the Arizona Supreme Court or the United States Supreme Court. (Doc. 1, page 3, questions 9-10). Petitioner now claims that he petitioned the Supreme Court for review on November 7, 2017. Regardless of whether Petitioner sought such review, nothing about this fact would indicate that his counsel was ineffective.

Petitioner claims that he was not provided an opportunity to accept or reject a plea offer, because no such offer was in existence. (Doc. 13). Petitioner references a statement in the R&R summarizing Petitioner's claim that he was not provided an opportunity to accept or reject an offer, (Doc. 12 at 2), and subsequently quotes a non-binding Fifth Circuit case stating that "improper statements by a prosecutor may constitute reversible error where the defendant's right to a fair trial is substantially affected," (Doc. 13) (quoting *United States v. Anchondo-Sandoval*, 910 F.2d 1234, 1237 (5th Cir. 1990) (citing *United States v. Lowenberg*, 853 F.2d 295, 307 (5th Cir. 1988))).

The relevance of the supplied quote is circumspect in this case. The Magistrate Judge is not a prosecutor, nor could the findings in the R&R have any substantial impact on the Petitioner's right to a fair trial. Additionally, the language that Petitioner references ("was not provided an opportunity to accept or reject" the plea offer) was language that the Magistrate Judge quoted directly from Petitioner's own petition for post-conviction relief. (Doc. 12 at 2 (quoting Doc. 7, Ex. F at 16)). Even if this argument were relevant, however, the R&R does make clear that there was no plea offer available to the Petitioner. It includes a specific citation indicating that the Petitioner "did not ask for the plea to be re-extended, nor did he request a plea of any nature, but simply indicated that he understood his exposure under the plea and at trial." (Doc. 7, Ex. I). The

entire document, taken in context, supports the conclusion that there was no plea offer available to the Petitioner. Semantics as to whether Petitioner could accept or reject a plea that was non-existent are irrelevant to the conclusion of the R&R.

**IV.     Petition for Writ of Habeas Corpus**

Petitioner has raised no objections to the R&R aside from the factual assertions previously addressed. Because Petitioner does not point to any flaws in the Magistrate Judge's legal analysis and conclusions, the Court overrules Petitioner's objections and accepts the R&R's recommendation that the Court deny relief.

**V.      Certificate of Appealability**

The R&R recommends that this Court deny the issuance of a certificate of appealability ("COA"). Petitioner objects to this recommendation.

A judge may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standards for granting a COA are the same for petitions under § 2254 and § 2255. *See United States v. Martin*, 226 F.3d 1042, 1046 n.4 (9th Cir. 2000). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *see also id.* (describing the COA determination as deciding whether the issues presented are "'adequate to deserve encouragement to proceed further'" [*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)])." When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, the Court finds that jurists of reason could not find this Court's conclusions

debatable. Therefore, the Court will overrule Petitioner's objection to the R&R with respect to the issue of whether to grant a COA.

## VI. Subsequent Motions

After filing an objection to the R&R, Petitioner filed two subsequent motions in this matter. Both motions relate to the production of evidence related to Petitioner's underlying state criminal charge. As such, they are irrelevant to Petitioner's claim that his counsel was ineffective, and are denied as moot.

## VII. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the R&R (Doc. 12) is accepted; the objections (Doc. 13) are overruled as specified above; the Petition for Writ of Habeas corpus is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is denied.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Compel Discovery (Doc. 15) and Petitioner's Motion for Evidentiary Hearing (Doc. 16) are denied for the reasons set forth above.

Dated this 14th day of September, 2018.

James A. Teilborg
Senior United States District Judge